# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HORACIO D. HILL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10-0470-DGK-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Horacio D. Hill seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423, and his application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381a-1383. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

After careful review of the record, the Court holds the administrative law judge's decision is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported

by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

**Analysis**

Generally a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits or supplemental social security income is restricted to determining whether the Commissioner's decision is consistent with the Social Security Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

The Commissioner previously found Plaintiff to be disabled as of October 1995 due to partial complex seizures. This period of disability ended in October 2004 due to his medical

---

[1] The five-step process works as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

improvement. In Plaintiff's current application, filed on January 5, 2006, he alleges he became disabled on January 1, 2005,[2] due to a seizure disorder and sleep apnea. Plaintiff argues the ALJ erred by not fully and fairly developing the medical record and by failing to perform a function by function assessment of his residual functional capacity ("RFC"). The Court finds no merit to either argument.

**A.     The ALJ fairly developed the record.**

Plaintiff argues the ALJ did not fully and fairly develop the record because she did not order a consultative examination or testing after he reported memory and cognition problems. As a threshold matter it is the claimant's burden to show that a disabling condition exits which would preclude his return to work. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The burden of proof shifts to the Secretary only after the claimant has carried the initial burden of showing that he is unable to perform his past relevant work. *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994). Here the ALJ found that Plaintiff was capable of performing past relevant work washing dishes and preparing food, so the burden never shifted to the Commissioner.

Even when the burden shifts, the ALJ is required to order medical examinations and tests only if there is insufficient evidence in the record to determine whether the claimant is disabled. *See id.* at 1023; *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (holding that ordering a consultative evaluation is not necessary where the medical evidence, claimant's statements, and other evidence provides substantial evidence supporting a determination that the claimant was not disabled). In the present case, nothing in the record suggests any need for additional testing before the Commissioner could find that Plaintiff was not disabled. As the first six pages of the ALJ's opinion make clear, Plaintiff has been non-compliant with treatment using marijuana since the alleged onset date of January 1, 2005. The Court agrees with the ALJ that, "If anything, [the

---

[2] This is the first day after his disability insurance benefits stopped due to his medical improvement.

3

record] raises a question of why the claimant was awarded benefits in 1995, given his obvious non-compliance and drug abuse."

With respect to Plaintiff's particular concern, that the ALJ erred by not ordering any memory or cognitive tests, there was simply no reason for the ALJ to order any testing. The record shows that prior to his latest hearing, Plaintiff never made any complaints of cognitive or mental impairment, nor did his counsel, who represented him in his prior claim, ever present any evidence of psychiatric or cognitive deficits, records of special education needs, or evidence of illiteracy. More importantly, no treating doctor from 1995 to the present has ever found Plaintiff so mentally deficient that he needed cognitive, memory, or other mental evaluation. Aside from one observation that described Plaintiff as a "dull and detached" person with normal attention but poor recall, no doctor has reported any mental non-functioning. Neurological examinations, including memory function, have repeatedly been within normal limits. Additionally, Plaintiff's own allegations are not credible. Although Plaintiff reported he has not used alcohol for 20 years or drugs for 25, he has repeatedly tested positive for drugs during this period.

Finally, even if there were some reason for the ALJ to order additional testing, reversal for failure to develop the record is warranted only when such failure is unfair or prejudicial. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff has not shown he was prejudiced or treated unfairly, therefore there is no reversible error here.

**B.     The ALJ's RFC finding was proper.**

Plaintiff argues the ALJ's assessment of his functional limitations was improper because she failed to describe his limitations with any specificity and because she did not provide a function by function assessment of his mental abilities. With respect to the former, the ALJ found that Plaintiff had no exertional limitations, but that he should avoid concentrated exposure

4

to unprotected heights and hazardous machinery due to possible seizure activity. These findings are specific, so there is no error.

With respect to a function-by-function assessment, the ALJ did not err in including mental limitations in the RFC finding because the ALJ properly found that he did not have a mental impairment, cognitive disorder, or other mental condition that caused more than minimal limitations in his activities of daily living, social functioning, or concentration, persistence, or pace. The ALJ also noted that Plaintiff had demonstrated the ability to perform basic work activities in his past unskilled work, and that the record does not show a material change in his mental functioning since the original decision granting benefits. Accordingly, the ALJ's determination was proper.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 8, 2011                  /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT